UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PRICHARD'S DISTILLERY, INC. ) | Civil Action No. _____ |
| ) | |
| *Plaintiff*, ) | Judge _____ |
| ) | |
| v. ) | Magistrate Judge _____ |
| ) | |
| YELLOW ROSE DISTILLING, LLC ) | |
| ) | |
| *Defendant*. ) | <u>JURY TRIAL DEMANDED</u> |
| ) | |

## COMPLAINT

Prichard's Distillery, Inc. ("Prichard's") files this Complaint for trademark infringement against Yellow Rose Distilling, LLC ("Yellow Rose" or "Defendant") and states as follows:

## NATURE OF THE ACTION

This is a civil action for trademark infringement arising under the Lanham Act, 15 U.S.C. § 1114(1)(a) and for trademark infringement under the common law of the state of Tennessee.

## PARTIES

1. Prichard's is a Tennessee Corporation having places of business at 4225 Whites Creek Pike, Nashville, TN 37189 and 11 Kelso Smithland Road, Kelso, TN 37348.

2. Yellow Rose is a Texas corporation having its principal place of business at 1224 N. Post Oak Rd. #100, Houston, TX 77055.

1

# BACKGROUND

## Prichard's Trademark Rights

3. Prichard's makes and sells spirits, with most of its products being awarded gold medals and given high ratings in national and international distilled spirit competitions.

4. Beginning at least as early as December 10, 2002, Prichard's has been selling distilled spirits under the trademarks DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON.

5. Prichard's is the owner of valid U.S. Trademark Registration No. 2,809,224 for the trademark BENJAMIN PRICHARD'S DOUBLE BARRELLED BOURBON in connection with bourbon. U.S. Trademark Registration No. 2,809,224 is filed herewith as Exhibit 1.

6. U.S. Trademark Registration No. 2,809,224 for the trademark BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON in connection with bourbon is incontestable.

7. Prichard's is the owner of valid U.S. Trademark Registration No. 4,420,193 for the trademark DOUBLE BARRELED in connection with distilled spirits. U.S. Trademark Registration No. 4,420,193 is filed herewith as Exhibit 2.

8. Prichard's owns common law rights in the mark DOUBLE BARRELED based on its usage of that term in association with the production and sale of bourbon in the state of Tennessee and throughout the United States.

9. In 2009 and 2011, Prichard's DOUBLE BARRELED bourbon was awarded Best of Craft Whiskey by the American Distilling Institute.

10. In 2011 and 2012, Prichard's DOUBLE BARRELED bourbon was awarded a 95 Extraordinary, Ultimate recommendation at Ultimate Spirits Challenge.

11. Prichard's DOUBLE BARRELED bourbon has won and/or placed highly in

numerous other national and international whiskey competitions and has received extensive accolades as a premium product of the highest quality.

12. Prichard's DOUBLE BARRELED bourbon is and has been sold at numerous restaurants and retail outlets throughout the United States.

13. Prichard's DOUBLE BARRELED serves as an indication of the source or origin of distilled spirits and has become distinctive to the consuming public and the distilled spirits trade.

14. Prichard's uses a double barreled shotgun in its marketing in connection with its DOUBLE BARRELED bourbon, including an image of a double barreled shotgun on Prichard's goods.

15. Prichard's federally registered trademarks DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURNON connote attributes of toughness and strength associated with, inter alia, double-barreled shotguns.

16. The average relevant consumer is equally likely to understand DOUBLE BARRELED to refer to a double barrel, or double barreled, shotgun, and thus, Prichard's mark DOUBLE BARRELED creates a double entendre associated with the commonly understood usage of "double barreled" or "double barrel" to refer to a shotgun.

17. Through its continuous and substantially exclusive use since at least as early as December 10, 2002 and due to Prichard's substantial investment in developing and promoting the DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON trademarks, the marks have come to identify and distinguish Prichard's goods and services, and the marks represent enormous goodwill of great value belonging exclusively to Prichard's.

## Defendant's Infringing Acts

18. Yellow Rose is selling, marketing and advertising in the state of Tennessee a product called "Double Barrel Bourbon Whiskey."

19. Yellow Rose's use of DOUBLE BARRELED, and/or terms confusingly similar to DOUBLE BARRELED, such as "double barrel" in association with distilled spirits, is likely to create confusion among the consuming public as to source, origin, sponsorship, or affiliation with Prichard's trademarks and products.

20. Upon information and belief, Yellow Rose chose to use the mark DOUBLE BARRELED to create an association with Prichard's distinctive DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON brands.

21. Yellow Rose's infringing Double Barrel Bourbon Whiskey is packaged in a bottle having a shape and size that is nearly identical to the shape and size of the bottle for Prichard's DOUBLE BARRELED Bourbon, as seen in the Table below.



| PRICHARD'S DOUBLE BARRELED BOURBON | YELLOW ROSE DISTILLING'S DOUBLE BARREL BOURBON |

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction for the trademark infringement claims asserted in this Complaint pursuant to 15 U.S.C. § 1114 (Lanham Act); 28 U.S.C. §§ 1331 and 1338 (trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

23. Venue is proper in this Court in accordance with 28 U.S.C. § 1391.

24. This Court has personal jurisdiction over Yellow Rose because Yellow Rose engages in "business" in the State of Tennessee within the meaning of the Tennessee Long Arm Statute, Tenn. Code Ann. § 20-2-214(a)(1).

25. The exercise of personal jurisdiction over Yellow Rose comports with due process requirements of the United States Constitution because: (a) Yellow Rose has purposefully established "minimum contacts" with the State of Tennessee, and (b) the exercise of personal jurisdiction over Yellow Rose will not offend the traditional notions of fair play and substantial justice.

26. Upon information and belief, products originating from Yellow Rose can be purchased in Tennessee and in this District.

27. Upon information and belief, Yellow Rose has made sales of its Yellow Rose Double Barrel Bourbon products to Tennessee residents in the state of Tennessee.

28. Yellow Rose's products have been advertised and promoted nationally across the internet on active websites that allow consumers throughout Tennessee to purchase Yellow Rose's infringing products.

## COUNT I

### Federal Trademark Infringement

29. Prichard's realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

30. By displaying "Double Barrel", and/or marks confusingly similar to Prichard's federally registered marks for DOUBLE BARRELED and/ or BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON, on distilled spirits sold and marketed for sale after the date Prichard's first began using the mark DOUBLE BARRELED, Yellow Rose's actions have created a likelihood of confusion among the consuming public as to source, origin, sponsorship, and/or affiliation of goods.

31. Yellow Rose was and has been made aware of Prichard's prior use of DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON for the relevant goods, and despite this notice Yellow Rose has continued to infringe Prichard's trademark rights.

32. Yellow Rose's conduct relating to its unauthorized use of DOUBLE BARRELED and confusingly similar marks is without permission of Prichard's.

33. Yellow Rose is thus in violation of 15 U.S.C. § 1114 regarding the DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON trademark registrations.

34. Such acts by Yellow Rose cause Prichard's irreparable harm, including injury to Prichard's reputation and goodwill, as to which Prichard's is entitled to an injunction under 15 U.S.C. § 1116 to prevent ongoing infringement.

35. Such acts further cause harm to Prichard's as to which Prichard's is entitled to

6

recover actual damages as well as the costs of any necessary corrective advertising.

36. Given that Defendant's conduct is ongoing and willful, Prichard's is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

## COUNT II

### Common Law Trademark Infringement and Unfair Competition

37. Prichard's realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

38. Yellow Rose's use of DOUBLE BARRELED and confusingly similar marks such as "Double Barrel" in commerce in connection with Yellow Rose's products is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Prichard's, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Prichard's, or as to the origin, sponsorship, or approval of Defendant's use of such words, terms, names, or false designations, all in violation of the common law of trademark infringement and unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Prichard's respectfully prays that this Court grant the following relief:

A. That the Court enter injunctive relief, ordering that Yellow Rose, as well as its officers, agents, servants, employees, attorneys and all others in active convert or participation with them, are enjoined and restrained from:

1. Engaging in any conduct that infringes the DOUBLE BARRELED and BENJAMIN PRICHARD'S DOULE BARRELED BOURBON trademarks under the

7

Lanham Act and/or under the common law; and

        2.    Offering any good or services for sale using any mark containing or confusingly similar to Prichard's DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON trademarks;

B.    That the Court award Prichard's damages, an accounting of profits, and attorneys' fees and costs;

C.    That the Court award Prichard's multiplied damages because of Defendant's willful and wrongful conduct;

D.    A trial by jury as to all issues; and

E.    That the Court award such further relief as is merited under law and equity.

Dated: October 31, 2014

Respectfully submitted,

_____
Matthew C. Cox (BPR 028212)
Edward D. Lanquist, Jr. (BPR 13303)
Nathan J. Bailey (BPR 026183)
WADDEY PATTERSON
Suite 500 Roundabout Plaza
1600 Division Street
Nashville, TN 37203
(615) 242-2400
mcc@iplawgroup.com
edl@iplawgroup.com
njb@iplawgroup.com

*Attorneys for Plaintiff Prichard's Distillery, Inc.*