UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PRICHARD'S DISTILLERY, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>YELLOW ROSE DISTILLING, LLC<br><br>*Defendant.* | **Civil No. 3:14-cv-2155**<br><br>District Judge John T. Nixon |

**STIPULATED DISMISSAL AND PERMANENT INJUNCTION**

The Court has considered the motion for entry of dismissal and entry of an agreed permanent injunction jointly filed by Plaintiff Prichard's Distillery, Inc. ("Prichard's") and Defendant Yellow Rose Distilling, LLC ("Yellow Rose") and finds it well taken. The Court makes the following findings of fact, and based on those findings makes the orders below:

1. Prichard's is a Tennessee Corporation having places of business at 4225 Whites Creek Pike, Nashville, TN 37189 and 11 Kelso Smithland Road, Kelso, TN 37348.

2. Yellow Rose is a Texas corporation having its principal place of business at 1224 N. Post Oak Rd. #100, Houston, TX 77055.

3. This Court has subject matter jurisdiction for the trademark infringement claims asserted in the Complaint pursuant to 15 U.S.C. § 1114 (Lanham Act); 28 U.S.C. §§ 1331 and 1338 (trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper in this Court in accordance with 28 U.S.C. § 1391.

1

Case 3:14-cv-02155   Document 11-1   Filed 03/04/15   Page 1 of 5 PageID #: 30
Case 3:14-cv-02155   Document 12   Filed 04/06/15   Page 1 of 5 PageID #: 35

5. This Court has personal jurisdiction over Yellow Rose because Yellow Rose engages in "business" in the State of Tennessee within the meaning of the Tennessee Long Arm Statute, Tenn. Code Ann. § 20-2-214(a)(1).

6. Prichard's makes and sells spirits, with several of its products being awarded gold medals and given high ratings in national and international distilled spirit competitions.

7. Prichard's is the owner of valid U.S. Trademark Registration No. 2,809,224 for the trademark BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON in connection with bourbon, which is attached as Exhibit 1 to the Complaint.

8. Prichard's is the owner of valid U.S. Trademark Registration No. 4,420,193 for the trademark DOUBLE BARRELED in connection with distilled spirits, which is attached as Exhibit 2 to the Complaint.

9. Prichard's makes, sells, and markets a premium whiskey product using the federally registered trademarks BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON and DOUBLE BARRELED (hereinafter "DOUBLE BARRELED bourbon").

10. Prichard's DOUBLE BARRELED bourbon has won and/or placed highly in numerous national and international whiskey competitions and has received extensive accolades as a premium product of the highest quality.

11. Prichard's federally registered trademark DOUBLE BARRELED serves as an indication of the source or origin of distilled spirits and has become distinctive to the consuming public and the distilled spirits trade.

12. Prichard's uses a double barreled shotgun in its marketing in connection with its DOUBLE BARRELED bourbon, including an image of a double barreled shotgun on Prichard's goods.

2

Case 3:14-cv-02155   Document 11-1   Filed 03/04/15   Page 2 of 5 PageID #: 31
Case 3:14-cv-02155   Document 12   Filed 04/06/15   Page 2 of 5 PageID #: 36

13. Prichard's federally registered trademarks DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON connote attributes of toughness and strength associated with, *inter alia*, double-barreled shotguns.

14. Yellow Rose has sold products under the brand name "Double Barrel" by using marketing material seeking to create an association between the phrase "double barrel" and the commonly-understood term's meaning as a "double barreled" shotgun, including the language "Double Barrel bourbon pays tribute to the legendary cowboy firearm. While the first barrel may be on target, the second provides a necessary finish."

15. The average relevant consumer is equally likely to understand DOUBLE BARRELED to refer to a double barrel, or double barreled, shotgun, and thus, Prichard's mark DOUBLE BARRELED creates a double entendre associated with the commonly understood usage of "double barreled" or "double barrel" to refer to a shotgun.

16. The term "double barreled" is not merely descriptive of a distilling process because the terms has a readily understood meaning in relation to a double barreled shotgun; and that alternative meaning is not descriptive of a distilling process.

17. Yellow Rose's use of DOUBLE BARRELED, and/or terms confusingly similar to DOUBLE BARRELED, such as "double barrel" in association with distilled spirits, is likely to create confusion among the consuming public as to source, origin, sponsorship, or affiliation with Prichard's trademarks and products.

18. Prichard's will suffer irreparable harm if a permanent injunction does not issue in the form set forth in this Stipulated Dismissal and Permanent Injunction.

19. The balance of hardships and public policy favor the issuance of a permanent injunction in favor of Prichard's.

3

20. The terms of the Settlement Agreement between the parties and this dismissal and injunction are to be construed together.

21. All parties shall bear their respective attorneys' fees and costs.

22. This case is dismissed with prejudice.

23. The Court shall maintain jurisdiction over this action for purposes of enforcement of the Permanent Injunction and the Settlement Agreement between the parties.

24. It is hereby ORDERED AND DECLARED that Defendant, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, with the exception of any bottles of distilled spirits that have already been labeled, be PERMANENTLY ENJOINED and restrained from:

(a) The manufacture, distribution, delivery, shipment, import, export, advertisement, marketing, promoting, consignment, sale, or sale abroad for importation of any of distilled spirit using the terms "double barrel" or "double barreled."

(b) The use of any trademark that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public and cause them to believe that any unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and or promoted by Defendant originates from Plaintiff, or that said products have been sponsored, approved, licensed by, or associated with Plaintiff, or is, in some way, connected or affiliated with Plaintiff;

(c) Contacting persons or entities with contracts for the purchase or sale of Plaintiff's products, or who are in the business of purchasing or selling products similar

4

to Plaintiff's products for the purpose of encouraging such persons or entities not to do business with Plaintiff and/or not to purchase or sell Plaintiff's products; and

(d) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (c), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (c).

IT IS SO ORDERED

Date: April 6, 2015

JOHN T. NIXON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF TENNESSEE